IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | |
|---|---|
| ALRAINA LIGON, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| v. | )    Civil Action No. 1:09-0067 |
| | ) |
| AMBER NELSON, Warden, | ) |
| FPC Alderson, West Virginia, | ) |
| | ) |
|       Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 23, 2009, Petitioner,[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) Petitioner alleges that the "Federal Bureau of Prisons denied my right to due process of the law when they denied me my right to the Second Chance Act." (Id., p. 6.) Specifically, Petitioner states as follows (Id., p. 7.):

> I was denied halfway house or alternative placement by Alderson Federal Prison Camp. The reasons cited for the denial are as follows: (1) Extensive Mental Health Needs; (2) Non-Compliance with Mental Health Medications; and (3) Mental Health Diagnosis being beyond the RRC's Scope of Resources. Pursuant to the Second Chance Act of 2007, 18 U.S.C. § 3624(c), requires that the Director must "to the extent practicable" ensure that a prisoner serving a term of imprisonment spends a

---

[1] On September 20, 2007, Petitioner pled guilty in the United States District Court for the Northern District of Ohio to one count of Conspiracy to Possess with Intent to Distribute Cocaine, Phencyclidine, and Marijuana, in violation of 18 U.S.C. § 846. On February 28, 2008, the District Court sentenced Petitioner to a 14 month term of imprisonment, to be followed by a four year term of supervised release. Petitioner did not appeal her conviction. *United States v. Ligon*, Case No. 1:07-cr-0338 (N.D.Oh. Feb. 28, 2008). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on April 16, 2009.

[2] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

portion of the final months of that term (not to exceed 12 months) under conditions that will afford a prisoner a reasonable opportunity to adjust to and to prepare for the re-entry of that prisoner into the community. I should have been granted the right to select an alternative transitional facility. Under the law it clearly states "that prisoners must have a pre-release facility to afford the prisoner a reasonable time to adjust." The reasons cited for the denial are invalid due to the following facts: (1) I am currently in compliance with taking my prescribed medications; (2) I have not encountered any behavioral incidents at Alderson Federal Prison Camp, which is a minimal security prison; and (3) My mental health is stable as verified by Alderson Federal Prison Camp's medical facility. Therefore, the reasons for my denial are not warranted.

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: December 16, 2011.

R. Clarke VanDervort
United States Magistrate Judge